## COURT OF APPEALS, SEPTEMBER TERM, 1847.

Abram I. Fort, Appellant, vs. William Bard et al., Repondents.

An order of the chancellor, denying a motion to open a default and allowing the party to answer, is not the subject of appeal to this court. It being a matter resting in the discretion of the chancellor, and one of practice merely.

*This was a motion made by respondents to dismiss the appeal in this cause.*—The appeal was brought by the appellants upon an order made by the chancellor, and entered on the 10th April, 1847, denying a motion made by four of the Defendants, to set aside their default for not answering the bill filed in the cause, and reads as follows: "A motion having been made on the 8th day of December, 1845, pursuant to previous notice for that purpose given by the solicitor for the Defendants, Abram I. Fort, Eveline Van Veghten, Henry Van Rensselaer and Jane his wife, founded on the affidavits annexed to said notice and on the orders and bill of complaints in this cause, for an order setting aside the default of said Defendants for not answering the bill filed in this cause, and also to set aside the default of Abby R. Fort, wife of said Abram I. Fort, and said papers having been read, and the papers in opposition to said motion having also been read, and Mr. O. Clark and Mr. N. Hill, Jr., having been heard in support of said motion, and Mr. Rhoades and Mr. S. Stevens having been

heard in opposition thereto, and the chancellor having duly considered the case, it is now ordered that said motion as to all of said Defendants above named, except said Abby R. Fort, be and the same is hereby denied; and it is further ordered that said Abram I. Fort, Eveline Van Veghten, and Henry Van Rensselaer, pay to said complainants, or their solicitor, their costs of opposing said motion to be taxed.

And the complainants having this day filed a stipulation in writing with the register of this court, and given notice thereof to O. Clark, the solicitor who appeared on said motion for said Abby R. Fort, that notwithstanding said bill has been taken as confessed against her, a provision shall be inserted in the decree to be entered in this cause, that it shall be without prejudice to any rights which she may have in the ninety acres, in said papers referred to, by virtue of the deed of Charles Rogers in said papers mentioned, dated March 29, 1827. And that her legal and equitable rights in said farm under that deed shall not be in any way impaired by such decree, and that the part of the mortgaged premises in this cause, embraced in that trust deed, shall be sold under such decree, subject to all her rights in the same manner as if she had not been made a party to the bill of foreclosure in this cause; it is ordered that said motion as to said Abby R. Fort, be and the same hereby is denied."

The appeal was taken only upon that part of the order denying the motion to set aside the default of Abram I. Fort, Eveline Van Veghten, Henry Van Rensselaer and Jane his wife, for not answering.

The motion by the respondents to dismiss the appeal, was founded on the rule alleged to have been established by the late court for the correction of errors, to wit: not to interfere in matters of practice merely, of courts below, and claimed, that this case came within that rule.

The appellant insisted, that this appeal involved matters of substantial right, and was not merely a question of practice, and unless this court granted the relief sought by the appeal, the Defendants in the chancery suit would be without remedy to prevent the loss of a large amount of property; and referred to the case made upon the appeal to show, that the bill was filed to foreclose two mortgages, one of $2500 and the other for $20,000, and claimed that the mortgage of $2500 had been paid, and should have been discharged of record; also, that the respondents (who were assignees of the American Life Insurance and Trust Company) had no legal title to the mortgages.

Mr. O. Clark, the solicitor for the defendants, and of counsel, referred to the case, to show that he intended in good faith to put in an answer for the defendants, and had in fact devoted all the time in preparing the

same which he could at all consistent with other duties of older and stronger obligation on him, of a public nature; and the default accrued by his mistake entirely, as to the expiration of the time when by the rules he had a right to file and serve the answer, he being one day too late; and the mistake as to the time occurred as follows: on the 4th of Oct. 1845, he received a replication, which was served on him in another chancery suit, of which he made a memorandum, and kept in his mind, but which by mistake he had applied to the amended bill in this case, (which was served on him on the 3d of October, 1845) instead of the replication.

J. RHOADES, *Solicitor and Counsel for Respondents.*

S. STEVENS, *Counsel.*

O. CLARK, *Solicitor and Counsel for Appellant.*

N. HILL, JR., *Counsel.*

The Court, JEWETT, Chief Judge—Granted the motion, on the ground that the order appealed from, being a matter resting in the discretion of the chancellor, was not the subject of appeal to this court. It was a matter of practice merely.

No costs were given.